IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Roger Chantel, et al., | No.  CV-16-03310-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Federated Rural Electric Insurance Exchange Incorporated, et al., | |
| Defendants. | |

In 2013, Dustine and Elizabeth Chantel filed for Chapter 13 bankruptcy in the United States Bankruptcy Court, District of Arizona, Bk. No. 0:13-bk-11909-EPB, which was later converted to a Chapter 7 bankruptcy proceeding. Federated Rural Electric Insurance Exchange, Inc. filed a proof of claim, asserting a subrogated right to recover debt claimed to be owed to Mohave Electric Cooperative, Inc. in connection with a 2012 judgment entered in the Mohave County Superior Court, Case No. CV2009-2574. (*See* Doc. 1, Exhs. B, C; Bk. No. 0:13-bk-11909-EPB, Claim. 4-1.)

On September 28, 2016, the Chantels filed a Complaint in this Court bringing five claims against Federated Rural Electric Insurance Exchange, Inc., its CEOs, its board members, and other fictitious parties. (Doc. 1.) Presently at issue are Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and two motions, each entitled "Motion for In Forma Pauperis Status" (Docs. 4, 7).

**I.     Application to Proceed in District Court Without Prepaying Fees or Costs**

First, Plaintiffs seek permission to proceed in forma pauperis in this action. The

district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). In the application to proceed without prepaying fees or costs, Plaintiffs declare under penalty of perjury that they are unable to pay the filing fee and other costs associated with this case. Plaintiffs present financial information to support their application. Given Plaintiffs' limited income and the absence of any significant assets, their motion will be granted.

## II.     Motions for In Forma Pauperis Status

Plaintiffs next seek permission to proceed in forma pauperis on appeal before the United States Bankruptcy Appellate Panel of Ninth Circuit, BAP No. AZ-16-01239.[1] (Docs. 4, 7.) To the extent Plaintiffs request a fee waiver pursuant to 28 U.S.C. § 1930(f), such request was considered and denied by the Bankruptcy Court. (*See* Bk. No. 0:13-bk-11909-EPB, Doc. 135.) As to Plaintiffs' request to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915(a), the request was concurrently filed with the BAP, and has since been referred to the District Court where it is pending in a separate action, Case. No. CV-17-00229-PHX-GMS (D. Ariz). Therefore, Plaintiffs' motions will be denied as moot.

## III.    Screening of In Forma Pauperis Complaint

With respect to in forma pauperis proceedings, the District Court shall dismiss such action at any time if it determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>
> (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fnt. 7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners). The Court must therefore dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at

---

[1]     The Court notes that the appeal is unrelated to the instant action.

1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

In order to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The short and plain statement for relief "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). *See also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

**IV.   Plaintiffs' Complaint**

In their complaint, Plaintiffs bring claims against Defendants for libel (Count

One), "willful intent" in violation of 18 U.S.C. § 157 (Count Two), "wrongful harm" (Count Three), "malicious intent" (Count Four), and bankruptcy fraud in violation of 18 U.S.C. § 152 (Count Five).

Here, Plaintiffs' complaint does not allege a cognizable claim for relief in district court nor contains sufficient allegations of the Court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994) (stating that the court presumes lack of jurisdiction until the plaintiff proves otherwise); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts."); Fed. R. Civ. P. 12(h)(3) (providing that the lack of subject matter jurisdiction may be raised at any time by the parties or the court); *Iqbal*, 556 U.S at 678. The Court has subject matter jurisdiction over cases: (1) involving federal questions pursuant to 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); and (2) between citizens of different states involving claims greater than $75,000 pursuant to 28 U.S.C. § 1332 (referred to as diversity jurisdiction).

First, Plaintiffs' claims do not give rise to a federal question that vests jurisdiction pursuant to 28 U.S.C. § 1331. Although the filing of a fraudulent or false proof of claim in a bankruptcy case is a federal crime under 18 U.S.C. §§ 157, 152(4), federal criminal statutes are prosecuted by the United States Attorney, not by civil litigants, and Congress did not create any private right of action for a violation of these statutes. *See* 18 U.S.C. § 158; *Heavrin v. Boeing Capital Corp.*, 246 F. Supp.2d 728, 731 (W.D. Ky. 2003) ("there is no private cause of action under 18 U.S.C. § 152(4) for filing a false proof of claim in a bankruptcy proceeding"), *aff'd*, 384 F.3d 199 (6th Cir. 2004); *Wood vs. United States,* 341 B.R. 804, 812 (Bankr. S.D. Fla. 2006) ("Courts have held that a civil action based on an alleged violation of 18 U.S.C. § 152(4) must be dismissed for lack of jurisdiction because there is no express or implied private right of action arising under the federal criminal statute.").

Second, assuming complete diversity among the parties exists, the Court is not

vested with jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332. *But see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed"). The Bankruptcy Code and Rules set forth the avenue for objecting to an improper or unenforceable claim and provides an array of remedies to redress misuse of the bankruptcy process. *See MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 915 (9th Cir. 1996); *see e.g.*, Fed. R. Bankr. P. 3007 (objections to proof of claim); Fed. R. Bankr. P. 9011 (sanctions for frivolous and harassing filings); 11 U.S.C. § 105(a) (authority to prevent abuse of process); 11 U.S.C. § 303(i)(2) (bad faith filing of involuntary petitions); 11 U.S.C. § 362(h) (willful violation of stays); 11 U.S.C. § 707(b) (dismissal for substantial abuse). Consequently, "the Code preempts substantive state law claims and remedies for alleged misconduct that occurs in connection with a bankruptcy case," *B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225, 232 (B.A.P. 9th Cir. 2008), and "where the Code and Rules provide a remedy for acts taken in violation of their terms, debtors may not resort to other state and federal remedies to redress their claims," *id.* at 236-37.

Here, each of Plaintiffs' claims arise from the contention that Federated Rural Electric Insurance Exchange, Inc. and its officers filed a false or fraudulent proof of claim and engaged in related misconduct in the bankruptcy case. It follows that to any extent Plaintiffs' claims are alleged to arise under state law, they are preempted and do not give rise to a separate cause of action that may be brought in district court. *See MSR*, 74 F.3d at 913 ("where federal law preempts state law yet fails to provide its own cause of action federal jurisdiction is not established") (internal quotation omitted).

Plaintiffs having failed to allege cognizable claims over which this Court has jurisdiction to adjudicate, the complaint will be dismissed.

**V.    Leave to Amend**

The jurisdictional deficiencies in the complaint cannot be cured by alleging other additional facts. Therefore, further opportunities to amend would be futile, and the

5

complaint will be dismissed without leave to amend. *See Lopez,* 203 F.3d at 1127 ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *Ateser v. Bopp*, 29 F.3d 630, 1994 WL 377872, at *3 (9th Cir. 1994) (unpublished) ("Any amendment cannot cure the fatal defect of the lack of a private right of action under the criminal statutes."); *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) ("a federal court may dismiss *sua sponte* if jurisdiction is lacking") (citing *Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Accordingly,

**IT IS ORDERED:**

1. That the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **granted**;

2. That the Motions for In Forma Pauperis Status (Doc. 4, 7) are **denied as moot**;

3. That the Complaint (Doc. 1) is **dismissed**;

4. That the Clerk of Court shall **terminate** this action; and

5. That the docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 30th day of January, 2017.

Honorable Steven P. Logan
United States District Judge